UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMORSHAH ASMAI,<br><br>  Plaintiff,<br><br>  v.<br><br>JEH JOHNSON, DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>  Defendant. | No. 2:14-cv-02619-TLN-AC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

This matter is before the Court on Defendants Jeh Johnson, Department of Homeland Security, Eric Holder, James Comey, Leon Rodriguez, and Mary-Carmen Jordan's (collectively "Defendants") Motion to Dismiss. (ECF No. 31.) Plaintiff filed a Motion for Judgment. (ECF No. 32.) Both parties oppose the other's motion. (ECF Nos. 33 & 37.) For the reasons set forth below, the Court hereby GRANTS Defendants' Motion to Dismiss.

Plaintiff sought permanent residence through an application with Citizenship and Immigration Services ("CIS"). (ECF No. 1.) CIS refused to review the application and Plaintiff brought this suit for a Writ of Mandamus compelling CIS to review his application. (ECF No. 1.) On November 29, 2016, CIS approved Plaintiff's application for lawful permanent residence. (ECF No. 31-1 at 1.) Defendants filed their motion to dismiss on February 6, 2017, arguing that the petition for writ of mandamus is moot. (ECF No. 31 at 2.) Plaintiff also filed his motion on

1

February 6, 2017.  (ECF No. 32.)  Plaintiff acknowledges that CIS has approved his application and asks the Court to retain jurisdiction pending his filing and review of a naturalization application. (ECF No. 32 at 5.)  Defendant contends there is no current case or controversy from which the Court can retain jurisdiction and Plaintiff has not amended his complaint to add claims of failure to review a naturalization application.  (ECF No. 33 at 1–2.)

The Constitution limits federal-court jurisdiction to the consideration of "cases" and "controversies."  U.S. Const. Art. III, § 2, cl. 1.  "[F]ederal courts are without power to decide questions that cannot affect the rights of litigants in the case before them."  *N.C. v. Rice*, 404 U.S. 244, 246 (1971) (citation omitted).  The focus of a mootness inquiry "is whether there can be any effective relief."  *Cantrell v. City of Long Beach*, 241 F.3d 674, 678 (9th Cir. 2001) (citation omitted).  Here, the Court cannot grant effective relief because CIS approved Plaintiff's application for lawful permanent residence — the sole relief sought in the petition.  (ECF No. 1 at 5.)  Accordingly, the petition is moot and should be dismissed.

Plaintiff requests this Court retain jurisdiction because it fears CIS will reverse its decision regarding permanent residence or deny his application for U.S. citizenship.  (ECF No. 37 at 2.)  Courts may retain jurisdiction where federal statute does not afford the plaintiff the right to practical judicial review.  *McNary v. Haitian Refugee Center, Inc.*, 498 U.S. 479, 496–97 (1991).  Here, as Defendants point out, federal statute affords Plaintiff the right to judicial review if CIS either revokes his status as a permanent resident or denies his application for citizenship.  (ECF No. 33 at 2.)  Accordingly, this Court cannot retain jurisdiction.

For the reasons set forth above, Defendants' Motion to Dismiss is hereby GRANTED and Plaintiff's petition is dismissed as MOOT.  Plaintiff's motion for judgment is DENIED insofar as it asks the Court to retain jurisdiction.  The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

Dated: September 5, 2017

Troy L. Nunley
United States District Judge